J-S47023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIELL PHILLIPS, | |
| Appellant | No. 2612 EDA 2013 |

Appeal from the PCRA Order of August 22, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007782-2008

BEFORE:  MUNDY, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 12, 2014**

Appellant, Gabriell Phillips, appeals from the order entered on August 22, 2013, denying relief on his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> On February 24, 2009, after [a bench trial], [Appellant] was found guilty of the manufacture, delivery, or possession of cocaine with the intent to manufacture or deliver, criminal conspiracy, and intentional possession of a controlled substance by a person not registered to possess controlled substances.  Pursuant to a plea agreement, [Appellant] was sentenced on April 21, 2009, to a term of imprisonment of not less than three nor more than six years in a state correctional facility, and a consecutive four-year term of probation.  [Appellant] filed a notice of appeal on May 15, 2009, and [the trial court] issued an order on May 27, 2009, directing [Appellant] to file a statement of matters complained of on appeal within twenty-one days.

[Appellant] filed a docketing statement on June 1, 2009, but did not file a statement of matters complained of on appeal. On July 22, 2009, [the trial court] issued an opinion stating that since [Appellant] had not filed a statement of matters complained of on appeal, there were no issues preserved for appeal, and as such, [Appellant]'s appeal should be quashed. On September 4, 2009, [this Court] remanded this case for sixty days in order to give [Appellant] a chance to file a statement of matters complained of on appeal. [Appellant] filed a statement of matters complained of on appeal on September 18, 2009. [This Court] affirmed [Appellant's convictions] on June 16, 2010, and on July 16, 2010, [Appellant] filed a [PCRA] petition. Thereafter, an amended PCRA petition was filed by counsel on September 15, 2010. On October 21, 2011, an order granting a motion for change of counsel was entered and Sharif Abaza, Esq. was appointed.

On November 22, 2011, a video hearing was held but was continued. On February 12, 2013, a motion to re-list the PCRA hearing was filed by counsel. On March 27, 2013, a hearing was scheduled for April 26, 2013. On August 22, 2013, [the trial court] denied [Appellant's] PCRA petition.

PCRA Court Opinion, 12/4/2013, at 2-3. This timely appeal followed.[1]

Appellant presents the following issue for our review:

A. Did the lower court err in finding that this [PCRA] petition was not granted?

Appellant's Brief at 4.

_____

[1] On September 11, 2013, Appellant filed a notice of appeal. On September 30, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on October 15, 2013. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 4, 2013.

Appellant claims that trial counsel was ineffective for failing to call a witness in order to challenge an affidavit of probable cause and to support suppression of narcotics found in a storage locker. More specifically, Appellant asserts that the manager of a storage facility, "an individual named Mr. Morris … would have testified that the Canine Unit did not respond to his locker as indicated in the probable cause affidavit … [and] that [o]fficers went directly to the Appellant's locker without any response from the Canine Unit contrary to police testimony." Appellant's Brief at 8. He claims "[t]his evidence could have shown that the police had no probable cause to illegally search [Appellant's] locker."[2] **Id.**

Our standard of review is as follows:

> We review an order granting a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Further, we afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.

**Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (internal citations and quotations omitted).

_____

[2] To the extent that Appellant raised additional claims before the PCRA court and failed to raise those issues on appeal, they are not presently before us. **See Commonwealth v. Whitaker**, 30 A.3d 1195, 1197 n.7 (Pa. Super. 2011)(Appellant waived appellate review of issues included in his concise statement of the errors complaint on appeal but not developed in appellate brief).

To plead and prove ineffective assistance of counsel a petitioner must establish:

> (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the petitioner fails to plead or meet any elements of the above-cited test, his claim must fail.

*Id.* at 706-707 (citations and quotation omitted).

To satisfy the prejudice prong of this test when raising a claim of ineffectiveness for the failure to call a potential witness, our Supreme Court has instructed that the PCRA petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108–1109 (Pa. 2012).

In this case, the PCRA court held a hearing wherein Appellant and trial counsel testified. Appellant testified as follows:

> I asked [trial counsel] to subpoena a guy named Morris who ran, actually, the storage unit in Bensalem. And he can attest that the officer – officers misrepresented themselves when they sent out the affidavit about the [drug-sniffing] dog going to my locker, going to 30 lockers and then going to my locker and tested positive for drugs. It was never no drugs in there. I kept a vehicle in there.
>
> And Mr. Morris had evidence, had testimony that would have shown that the officers didn't go to 30 lockers. They went directly to my lockers. And they had four dogs and none of the dogs did anything. And but the affidavit says that they had one dog and they went to 30 lockers and back

- 4 -

to my locker an[d] the dog went crazy. Mr. Morris had testimony that that didn't happen.

N.T., 4/26/2013, at 13. Thus, Appellant stated, "[e]vidence contradicts everything the affidavit says about that matter." *Id.* at 20. Appellant further testified that trial counsel told him that a private investigator could not locate Mr. Morris. *Id.* at 14.

In contrast, trial counsel testified that:

> [Appellant] indicated that he bumped into somebody, I don't know if it was at the facility or somewhere else, but he did say he bumped into him and spoke to him. And once he told me that, I had my private investigator, Bill Bell, go over to the storage locker. He did go to the storage locker. He did speak to this individual.
>
> This individual did not tell him, meaning Mr. Bell, anything that the guy apparently told [Appellant]. And he refused to cooperate with us and then suggested that we contact corporate office to get more information, which we did, and they wouldn't provide us with any information.
>
> I gave a copy of the investigator's report plus the letter I received from their corporate, I believe, to – there was another attorney involved in this case. I think it was Guy Sciolla.
>
> \*       \*       \*
>
> So I didn't subpoena anybody because the guy wasn't saying what [Appellant] indicated he was told, and I didn't want to call a witness who was not going to cooperate with us. I wasn't going – it wasn't going to be helpful to us.

*Id.* at 30-31.

The PCRA court credited trial counsel's testimony, the record supports the decision, and we will not usurp that determination. The proposed

witness refused to testify for the defense.  Thus, Appellant failed to satisfy the prejudice prong of the test for counsel ineffectiveness under the PCRA. Accordingly, his sole appellate issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014